IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUGENE VERMILLION and<br>WENDY VERMILLION,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br><br>    Defendant. | Case No. CIV-24-1066-D |

# ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 25]. Plaintiffs filed a response [Doc. No. 34], and State Farm replied [Doc. No. 38]. The matter is fully briefed and at issue.

## INTRODUCTION

Plaintiffs allege that their property suffered storm damage during the term of their homeowner's policy, issued by State Farm. Plaintiffs submitted a property damage claim on May 8, 2024. After State Farm inspected Plaintiffs' property, State Farm found evidence of storm damage to the roof's metal components that did not exceed Plaintiffs' $2,000.00 deductible.[1] State Farm found no hail damage to the roof's shingles. State Farm also suggested that some of the damage to the roof's metal components predated Plaintiffs' 2015 property damage claim and was never repaired.

---

[1] State Farm later revised its estimate to $2,115.00, which exceeds Plaintiffs' deductible by $115. However, State Farm contends that no payment was owed to Plaintiffs until they completed repairs to their home due to the policy-allowed holdback of depreciation. [Doc. No. 25, at 2-3].

1

After State Farm's claim determination, Plaintiffs filed this lawsuit, alleging only breach of contract. In the present motion, State Farm asserts that it is entitled to summary judgment on Plaintiffs' sole claim for breach of contract because Plaintiffs failed to designate any expert witnesses, as required by Fed. R. Civ. P. 26(a)(2). Thus, "[Plaintiffs] have no expert witness who can testify that the Subject Property was damaged by hail during the at-issue policy period such that some amount of payment is owed to them under the Policy's terms." [Doc. No. 25, at 14].

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether summary judgment is proper, courts do not weigh the evidence and determine the truth of the matter asserted, but determine only whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute is genuine if the facts and evidence are such that a reasonable juror could return a verdict for either party. *Id.* In evaluating a motion for summary judgment, a district court must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. *See Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the

pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); FED. R. CIV. P. 56(c)(1)(A). The relevant inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## UNDISPUTED MATERIAL FACTS

Plaintiffs' property was insured by State Farm, Policy No. 36-EN-1844-6. The policy covered accidental direct physical loss to the property, and it excluded coverage for various perils, to include "wear, tear, decaying, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown." [Policy, Doc. No. 25-1, at 30, 33]. The policy was in effect from August 16, 2023 to August 16, 2024. *Id.* at 3. The policy further limited coverage to "loss[es] under Section I … that occur[] during the period this policy is in effect." *Id.* at 47. The policy included a $2,000.00 deductible. *Id.* at 4.

Plaintiffs reported a property damage claim on May 8, 2024. Def.'s UMF No. 9; Pls.' Resp. to Def.'s UMF No. 9. When adjuster Justin Jergenson called Mrs. Vermillion to discuss the claim, Mrs. Vermillion reported that wind and/or hail had damaged the roof and gutters of the property. Def.'s UMF No. 10; Pls.' Resp. to Def.'s UMF No. 10. State Farm's claim file reflects that Mrs. Vermillion provided a date of loss of May 6, 2024, but Plaintiffs do not know exactly when the storm occurred. Pls.' Resp. to Def.'s UMF No. 9.

3

Plaintiffs have since submitted a signed proof of loss [Doc. No. 25-9], identifying September 19, 2023 as the date of loss. Pls.' Resp. to Def.'s UMF No. 9.

Hancock Claim Consultants inspected Plaintiffs' property for State Farm and observed no wind or hail damage to the shingles. Def.'s UMF No. 11; Pls.' Resp. to Def.'s UMF No. 11. Hancock did observe storm-caused damage to some of the metal roof components, gutters, downspouts, and fence. *Id.*

State Farm determined that Plaintiffs' covered damages included replacement of rain caps, pipe jacks, and valley metal. Def.'s UMF No. 13; Pls.' Resp. to Def.'s UMF No. 13. State Farm's estimate [Doc. No. 25-6] also included debris removal and three hours of roofing labor. *Id.* State Farm's estimate reflected covered damages of $1,214.88, which did not exceed Plaintiffs' deductible. *Id.* On May 29, 2024, State Farm notified Plaintiffs that it was "unable to make a payment on this claim" because State Farm "determined [Plaintiffs'] loss [did] not exceed [the] $2,000 deductible." [Doc. No. 25-7, at 1].

Plaintiffs' estimate from Coppermark Public Adjusters calls for a full roof replacement at a cost of $56,701.15. [Doc. No. 25-8, at 11]. Upon review of the Coppermark estimate, State Farm maintained its position that the roof's shingles did not reflect hail damage, but State Farm revised its estimate to add repairs of five window screens, a metal exterior door, and a door lockset/deadbolt. Def.'s UMF No. 16; Pls.' Resp. to Def.'s UMF No. 16. State Farm's revised estimate reflected a replacement cost value of $2,115.00, which exceeded Plaintiffs' deductible. Def.'s UMF No. 17; Pls.' Resp. to Def.'s UMF No. 17. After deducting $691.90 in depreciation, State Farm maintains that no payment was owed to Plaintiffs, but that $115.00 in replacement cost benefits were

4

available to Plaintiffs if the estimated-for repairs were completed in line with the terms of the policy. Def.'s UMF No. 17.

## DISCUSSION

### I.  Breach of Contract

To establish a breach of contract under Oklahoma law, Plaintiffs must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).

State Farm contends that it did not breach Plaintiffs' policy because State Farm must only pay for covered losses which occur during the policy period and those that exceed Plaintiffs' deductible. To that end, State Farm contends that, after depreciation and applying Plaintiffs' $2,000.00 deductible, no payment was owed to Plaintiffs for the $2,115.00 of covered damages identified by State Farm. For the other damage claimed by Plaintiffs, State Farm asserts that it is either wear and tear, excluded by the policy, or unrepaired damage from Plaintiffs' 2015 insurance claim. The crux of State Farm's motion is that Plaintiffs—by failing to designate any experts—have "no expert witness who can testify that the Subject Property was damaged by hail during the at-issue policy period such that some amount of payment is owed to them under the Policy's terms." [Doc. No. 25, at 13-14].

Viewing the summary judgment record and all reasonable inferences therefrom in favor of Plaintiffs, the Court finds there is a genuine dispute of material fact regarding whether State Farm breached Plaintiffs' policy. State Farm contends that, by failing to designate an expert, Plaintiffs have not established that damage caused by hail (and not

5

wear and tear) occurred during the term of the policy. However, State Farm itself identified at least some accidental direct physical loss to the property that occurred during the policy period. This is reflected in State Farm's claim determination that there was covered damage that did not exceed Plaintiffs' deductible. And, even considering only the covered damage that State Farm claims did not exceed Plaintiffs' deductible, Plaintiffs have provided evidence that State Farm's estimate did not include "the mandatory replacement of the shingles overlaying the damaged valley metals and pipe jacks [State Farm] itself identified as damaged." [Doc. No. 34, at 19]. After inspecting Plaintiffs' property, Plaintiffs' roofing contractor testified that to properly repair the items that State Farm included in its estimate, the roofing contractor would need to install new ice and water shield and new shingles for at least two feet in each direction of the new valley metal or pipe jacks.[2] [Doc. No. 34-5, at 2-4]. Plaintiffs' roofing contractor also testified that including the "overlay" of shingles in State Farm's estimate would have cost "significantly more than" Plaintiffs' deductible. *Id.* at 5. Viewing the evidence related to only the damage that State Farm identified as covered damage under the policy, Plaintiffs have established a genuine dispute of material fact as to whether State Farm paid what was owed to Plaintiffs under the policy. For these reasons, State Farm's motion for summary judgment is denied.

Although State Farm's motion is denied, the Court agrees with State Farm that Plaintiffs' proposed use of testimony by Stephanie Lee, a Coppermark representative,

---

[2] The Court finds that this limited testimony, based on Plaintiffs' roofing contractor's personal knowledge and inspection of Plaintiffs' roof, is within the confines of Rule 701 for opinion testimony by lay witnesses. *See* FED. R. EVID. 701.

would constitute expert testimony. Notably, Ms. Lee never personally inspected Plaintiffs' property. Ms. Lee looked at photographs of Plaintiffs' roof and testified that many of the photos reflect hail damage and bruising, in part because "[i]f you have embedded granules, 95 percent of the time the mat is also fractured because it's hard enough that it's not just displacing granules but it's pushing them into that asphalt." [Doc. No. 34-4, at 4]. Ms. Lee repeatedly referenced her years of experience in the industry to support her opinions. In other portions of her testimony, she relied on what she was told by the Coppermark employee who personally inspected Plaintiffs' roof, stating that she could "tell you with, you know, 99 percent certainty which [shingles] he told me he could feel the bruise on." *Id.* at 5. To counter State Farm's argument that some of the reported damage occurred outside the policy period (or predated Plaintiffs' 2015 insurance claim), Ms. Lee looked at photographs of Plaintiffs' roof and opined that the damage was much more recent and "couldn't have been from [Plaintiffs'] 2015 claim because that spatter would definitely no longer be there." *Id.* at 1.

The Court finds that Plaintiffs' proposed use of Ms. Lee's testimony would constitute expert testimony, and Plaintiffs have not designated Ms. Lee as an expert witness per Fed. R. Civ. P. 26(a)(2). For these reasons, the Court did not rely on Ms. Lee's testimony in denying State Farm's motion for summary judgment.[3]

---

[3] To the extent that Plaintiffs intend to use Ms. Lee's testimony at trial, Plaintiffs must move for leave to amend their witness list and make a late expert disclosure. Such a motion should explain why Plaintiffs' failure was substantially justified or harmless, pursuant to FED. R. CIV. P. 26(a).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 25] is **DENIED**. Within 14 days of this Order, the parties shall submit a joint status report or proposed scheduling order for the remaining unexpired deadlines.

**IT IS FURTHER ORDERED** that Plaintiffs may file a motion for leave to amend their witness list within 14 days of this Order.

**IT IS SO ORDERED** this 29th day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge